# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

-----------------------------------------------------------------X
ANNA STERZENBACH and FREDRICK STERZENBACH,

                      Plaintiff,

      -against-

LEAR CAPITAL INC.

                      Defendants.
-----------------------------------------------------------------X

Index No.:

Plaintiff designates Suffolk County as the place of trial. The basis of the venue is Plaintiff's residence at the time of alleged events.

**S U M M O N S**

Plaintiff's residence at time of events, site where transactions occurred.

To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Smithtown, New York
       May 23, 2019

                                      By: Mitchell J. Birzon
                                      BIRZON & ASSOCIATES
                                      Attorneys for Plaintiff
                                      222 East Main Street, Suite 212
                                      Smithtown, NY 11787
                                      (631) 265-6300

Defendants' Address:
Lear Capital Inc.
1990 Bundy Drive #600
Los Angeles, CA 90025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------X
ANNA STERZENBACH and FREDRICK STERZENBACH

                         Plaintiffs,

     -against-

LEAR CAPITAL INC.

                         Defendant.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiffs, ANNA STERZENBACH and FREDRICK STERZENBACH, being duly sworn, allege the following by and through their attorneys, Birzon & Associates.

1. My name is Anna Sterzenbach, and I resided in East Marion (Suffolk County) State of New York for all relevant purposes.

2. My name is Fredrick Sterzenbach, and I resided in East Marion (Suffolk County) State of New York for all relevant purposes.

3. Upon information and belief, the defendant Lear Capital Inc., herein after "Lear", transacts considerable business in the State of New York.

4. Upon information and belief, the defendant Lear is incorporated in the State of California. Lear solicits business in the state of New York and derives continuous and significant business activities from New York State residents.

5. The defendant Lear solicits business in the County of Suffolk, State of New York. Lear obtains numerous Suffolk County residents as clients and derives benefits from business relationships that derive from their retention of Suffolk County residents as clients.

6. The defendant Lear provides Suffolk County residents investment advice to the public and to its clients.

7. The defendant Lear advises individuals, including the named plaintiffs herein, with investment advice regarding issues pertaining to the purchase and sale of securities, and in their stead, precious metals and coins.

8. The defendant Lear transacts business in the state of New York on a substantial basis and while doing so, advises individuals, including the plaintiffs, whether or not to sell investment securities, inclusive of mutual funds and publicly traded stocks and bonds, and also advises individuals whether or not to liquidate them and purchase precious metals as their replacement.

9. The defendant Lear is an investment adviser under the laws of the State of New York and pursuant to NYS General Business Law 359-eee.

10. Beginning on or about May 4, 2012 up to and including the current date, defendant Lear provided financial advice regarding the investments owned by the named plaintiffs herein including an Individual Retirement Account owned by plaintiff Anna Sterzenbach, an Individual Retirement Account owned by plaintiff Fredrick Sterzenbach, and a joint account consisting of publicly held stocks and securities, mutual funds, cash, and money funds, all held in a joint account owned by the plaintiffs.

11. The above referenced accounts were maintained by American Portfolios Finanical Services, Inc., a New York corporation.

12. Commencing on or about May 4, 2012, the defendant engaged in a lengthy series of solicitations, communications, and correspondences with the plaintiffs.

13. The above referenced ongoing communications initiated by the defendant Lear, told the Plaintiffs that their investment portfolio was weak, that their investment advisors at American Portfolios had engaged in unprofessional, "bullying", and desperate tactics.

14. The correspondences from the defendant to the plaintiffs commencing on or about may 4, 2012 were designed to have the plaintiffs liquidate their life savings maintained at American Portfolios in the separate IRA's referenced above and the joint account referenced above, and to have the liquidated accounts transferred into "cash" and wired to the defendant.

15. At the time that the defendant Lear solicited the plaintiffs to liquidate their accounts and to transfer the proceeds to the control of the defendant Lear, the plaintiffs were aged 67 and 68 respectively.

16. As of June 25, 2012, plaintiff Fredrich Sterzenbach had an IRA worth $25,638.00.

17. As of June 25, 2012, plaintiff Anna Sterzenbach had an IRA worth $218,881.00.

18. As of June 25, 2012, the joint account owned by the named Plaintiffs had a value of $410,947.00.

19. On or about June 25, 2012 all of the above referenced accounts were liquidated at the behest of the defendant pursuant to a letter written by the defendant to American Portfolios and the defendant received the gross amount of $655,466.00.

20. Upon receipt of the liquidated monies owned by the plaintiffs, the defendant invested all of the plaintiff's liquidated monies into gold.

21. Prior to the purchase of gold, the defendant had engaged in a series of correspondences, both written and oral, pressuring and creating a false belief that there was a global financial crisis on the cusp demanding that the plaintiffs abandon their prior investments in mutual funds, cash and securities and purchase only gold.

22. At the advice of Lear, the plaintiffs purchased ____ gold.

23. Shortly after the conversion of the liquidated assets of the plaintiff as set forth above into gold, the price of gold declined dramatically.

24. When the value of gold plummeted, the defendant Lear advised the plaintiffs to convert their gold for silver and silver coins.

25. The plaintiffs, after following the financial advice of the defendant to purchase gold, again followed the financial advice of the defendant to purchase silver.

26. The activities of the defendant, subsequent to accepting the wire transfer of the plaintiff's liquidated assets, resulted in commissions and storage fees paid to the defendant to the detriment of the plaintiff.

27. Aside from the commissions, storage fees, and other fees charged by the defendant to the plaintiffs, the fees charged by the defendant for the actual cost of the precious metal and coins were above market value for the gold bullion, silver bullion and coins.

28. The defendant continues to maintain the aforementioned separate individual IRAs and joint account of the plaintiffs.

29. The total amount of funds that liquidated and transferred which resulted in purchases in gold on or about June 25, 2012 amounted to $665,466.00. In addition, $100,000.00 was placed in a money market account.

30. The defendant has continued to advise the plaintiffs in regards to their lifetime investments. The plaintiffs entrusted all of their life savings, to the defendants on or about June 25, 2012 to their detriment.

31. The defendant accused the plaintiffs' former financial advisors of being unethical, unprofessional, and derelict in their duties as financial advisors and by doing so, wrongfully convinced the plaintiffs to liquidate all of their assets on or about June 25,

2012 and transfer the liquidated amounts to the defendant for the defendants' discretionary investments.

32. As of March 31, 2019, the plaintiff Anna Sterzenbach individual retirement account was worth $89,677.00. At the time of transfer to defendant on or about June 25, 2012 this IRA had a value of about $218,881.00.

33. As of March 31, 2019, the plaintiff Fredrick Sterzenbach's individual retirement account had a value of $9,354.00. At the time of transfer to defendant on or about June 25, 2012 this IRA had a value of about $25,638.00.

34. As of June 25, 2012, the plaintiffs joint account had a value of $410,947.00 and was transferred to the defendant on or about said date.

35. As of March 31, 2019, the aforementioned joint account of the plaintiffs was valued at $132,947.00.

## AS AND FOR A FIRST CAUSE OF ACTION

36. The plaintiffs repeat, reiterates and realleges each and every allegation set forth in paragraphs 1-35 as it fully set forth at length herein.

37. The defendants engaged in fraudulent conduct in inducing the plaintiffs to liquidate their separate IRA accounts and their joint account in June of 2012. On account of the fraud committed by the defendant, which included a series of emails and other communications indicating that plaintiffs' investments with American Portfolio was wrongfully invested and not sufficiently balanced, they did so in order to entice the defendants to invest in gold as their only investment.

38. The defendant profited from the fraud perpetrated on the plaintiffs as set forth above.

6 of 10

39. On account of the fraud committed by the defendants the plaintiffs have been damaged in an amount to be determined at a trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

40. The plaintiffs repeat, reiterates and realleges each and every allegation set forth in paragraphs 1-39 as it fully set forth at length herein.

41. The defendant is an investment adviser under the laws of the State of New York.

42. As an investment advisor the defendant is charged with the responsibilities attendant to providing sound and reasonable investment advice.

43. The investment advice provided to the plaintiffs, who were at retirement age on or about June 2012, was inappropriate, wrongful, and constituted unsuitable investment advice.

44. On account of the unsuitable investment advice provided by the defendant to the plaintiffs, the plaintiffs have been damaged in an amount to be determined at a trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

45. The plaintiffs repeat, reiterates and realleges each and every allegation set forth in paragraphs 1-44 as it fully set forth at length herein.

46. The defendant, when soliciting the business of the plaintiff, had a legal duty of care.

47. The defendant, when encouraging the plaintiffs to liquidate their retirement and joint savings and ultimately transfer them to the defendant for the purpose of purchasing gold and or other precious metals was an imprudent and negligent act.

48. On account of the negligence, the plaintiffs have been damaged in an amount to be determined at a trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION

49. The plaintiffs repeat, reiterates and realleges each and every allegation set forth in paragraphs 1-48 as it fully set forth at length herein.

50. Throughout the entire term that the defendant retained the net proceeds of the plaintiffs liquidated IRA's and joint account beginning on or about June 25, 2012 and at all times thereafter, the defendant has received commissions and other payments, including "storage fees", etc. all at the expense of the plaintiffs.

51. On account of their wrongful investment buy the defendant of the plaintiff monies the defendant has been unjustly enriched by receiving commissions and other fees all of which to be returned to the plaintiffs.

## AS AND FOR A FIFTH CAUSE OF ACTION

52. The plaintiffs repeat, reiterates and realleges each and every allegation set forth in paragraphs 1-51 as it fully set forth at length herein.

53. The liquidation by the plaintiffs of their separate IRA's and joint accounts deprived the plaintiffs of the opportunity to leave said deposits in mutual funds and other security investments.

54. Had the plaintiffs not liquidated their assets at the behest of the defendant, they would have enjoyed the market appreciation of their investments commensurate with the mean market appreciation of said investments that were maintained with American Portfolio from on or about June 25, 2012 to the current time.

## AS AND FOR A SIXTH CAUSE OF ACTION

55. The plaintiffs repeat, reiterates and realleges each and every allegation set forth in paragraphs 1-54 as it fully set forth at length herein.

56. The actions of the defendant in providing false, misleading, inaccurate, and "pressure type practices" were designed to have the plaintiffs liquidate their worldly assets, transmit them to the defendant, all for purpose of having the defendant invest in the purchase of gold and other precious metals and for the defendant to earn commissions and other fees.

57. The financial advice and acts of the defendant were wanton, willful and grossly negligent as well as being intentionally misleading in all relevant regards.

58. On account of the above referenced actions of the defendant, the plaintiffs are entitled to receive punitive damages in an amount to be determined at a trial of this action.

**WHEREFORE,** on account of the above claims of the plaintiff and the issues set forth in the First, Second, Third, Fourth, Fifth and Sixth Causes of Action, the plaintiffs demand judgment in an amount to be determined at a trial of this action as well as punitive damages as set forth in the Sixth Cause of Action together with costs, legal fees, disbursements, and for such other, further or different relief as this Court may deem just and proper.

Dated: Smithtown, New York
May 22, 2019

By: Mitchell J. Birzon
BIRZON & ASSOCIATES
Attorneys for Plaintiffs
222 East Main Street, Suite 212
Smithtown, NY 11787
(631) 265-6300

*Index No.:*
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF SUFFOLK**

---

ANNA STERZENBACH and FREDRICK STERZENBACH,

                                                                                                        Plaintiffs,

          -against-

LEAR CAPITAL INC.

                                                                                           Defendants.

---

### SUMMONS AND VERIFIED COMPLAINT

---

### BIRZON & ASSOCIATES

*Attorneys for:*                 PLAINTIFFS
                                  222 EAST MAIN STREET
                                  SUITE 212
                                  SMITHTOWN, NEW YORK 11787
                                  (631) 265-6300

---

### CERTIFICATION (Court Rule 130-1.1-a)

     I hereby certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the annexed papers or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1.

                                                                      BIRZON & ASSOCIATES

                                                                      By: _____

---

*Due and timely service of a copy of the within*                                  *is hereby admitted.*
Dated:

Attorneys for:

                                                                  _____

---

      ***NOTICE OF ENTRY***

❑   SIR:  *Please take notice that the within is a true copy of a*
           *duly entered in the office of the clerk of the within named court on.*

      ***NOTICE OF SETTLEMENT***

❑   SIR:  *Please take notice that an Order of which the within is a true copy will be presented for settlement to the*
          *Honorable*                              *one of the judges of the within named Court, at*
                                   *on the*                    *day of*                  20
          at       a.m./p.m.

| STATE OF NEW YORK<br>SUPREME COURT | COUNTY OF SUFFOLK | INDEX NO: 609855/2019<br>FILED ON: May 23, 2019<br>DISTRICT: |
|---|---|---|

*Anna Sterzenbach and Fredrick Sterzenbach,*

vs

Plaintiff(s)

*Lear Capital Inc.,*

Defendant(s)

| STATE OF NEW YORK, COUNTY OF ALBANY, SS.: | AFFIDAVIT OF SERVICE<br>BY THE SECRETARY OF STATE |
|---|---|

_____**Shayne Collen**_____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on _____**August 14, 2019**_____, at ___**3:30pm**___, at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed

_____**Summons, Verified Complaint and Notice of Electronic Filing**_____

_____, on

_____**Lear Capital Inc.**_____

Defendant in this action, by delivering to and leaving with ___**Nancy Dougherty**___, Authorized Agent, in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, one (1) true copy thereof and that at the time of making such service, deponent paid said Secretary of State the statutory fee, if required. Service was made pursuant to Section **307 Business Corporation Law**.

[X] Service was completed by mailing notice of such service and one (1) true copy thereof by [X] Registered or
☐ Certified Mail, # _____**re142507326us**_____, Return Receipt Requested on ___**August 19, 2019**___
to said defendant at: _____**1990 Bundy Dr., #600, Los Angeles, CA 90025**_____.

Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: **45 years** Approx. weight: **140 lbs** Approx. Ht.: **5'4"**
Sex: **Female** Color of skin: **White** Color of hair: **Black** Other: **Glasses**

Sworn to before me on ___**August 20, 2019**___

*[Signature]*
**SHARON COLLEN**
NOTARY PUBLIC, State of New York
No. 6375361, Qualified in Albany County
Term Expires July 23, 2022

*[Signature]*
Shayne Collen
Invoice-Work Order # 1902783

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ANNA STERZENBACH and
FREDRICK STERZENBACH,

              Plaintiffs,

v.

LEAR CAPITAL, INC.,

              Defendant.

Index No. 609855/2019

**STIPULATION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

IT IS HEREBY STIPULATED AND AGREED by and between plaintiffs Anna Sterzenbach and Fredrick Sterzenbach (together, "Plaintiffs") and defendant Lear Capital, Inc. ("Defendant"), through their respective undersigned attorneys, that Defendant's time to answer or otherwise respond to Plaintiffs' Complaint, filed May 23, 2019 (Doc. No. 1), be and is hereby extended until September 27, 2019.

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be executed in counterparts and that an electronic signature shall have the same binding effect as an original signature.

Dated: New York, New York
         September 3, 2019

BIRZON & ASSOCIATES

By: _____
Mitchell J. Birzon
222 East Main Street, Suite 212
Smithtown, New York 11787
Tel.: (631) 265-6300
Fax: (631) 265-6799
mjbirzon@bsb-lawyers.com

*Attorneys for Plaintiffs Anna Sterzenbach and Fredrick Sterzenbach*

MITCHELL SILBERBERG & KNUPP LLP

By: _____
Marissa B. Lewis
437 Madison Avenue, 25th Floor
New York, New York 10022
Tel.: (212) 509-3900
Fax: (212) 509-7239
mbl@msk.com

*Attorneys for Defendant Lear Capital, Inc.*

222 EAST MAIN STREET STE 212
SMITHTOWN, NY 11787

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT   STATE OF CALIFORNIA
Court: SUPREME   County: SUFFOLK            State: NEW YORK
STERZENBACH, ANNA VS LEAR CAPITAL INC

Additional Documents:

SUMMONS AND VERIFIED COMPLAINT

( X ) (Personal Service) by personally delivering true copies to the
person, firm or corporation served.
    (  ) With endorsement of name, place of service and official
        title on copy served.
    (  ) With required notice written or printed on the face of
        the process served.
    (  ) Affiant showed the original process to the defendant at
        the time of such service.

( X ) (Identification) was made as to the identify of the person so
served was as follows:
    (  ) Photograph of the defendant attached to the process and
        furnished by the plaintiff herein and made a part of this
        affidavit.
    ( X ) Sex: F   Race: WHITE     Hair:          Age:
        Weight:      Height:  Ft.    Ins.
        Drivers Lic:                Other:

( X ) (Military Service) That at the time of service of process,
defendant stated he/she is not in the military service.

8. FEE FOR SERVICE: $ 40.00
       NOTARY:         COUNTY CLERK:       TOTAL: $ 40.00
Deputy LEOPOLDO AVILA
SHERIFF'S OFFICE                    Alex Villanueva, SHERIFF
1725 MAIN ST., RM 114
SANTA MONICA, CA 90401         By:_____
(310)553-5033                                              Deputy Sheriff

State of California
County of Los Angeles

On _____ before me,
_____ (Name & Title of Officer)
personally appeared _____,
who proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

    WITNESS my hand and official seal.

Signature _____        (Seal)

```
                222 EAST MAIN STREET STE 212                Doc. No: 3801909050057
                SMITHTOWN, NY 11787
```

COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT STATE OF CALIFORNIA
Court: SUPREME    County: SUFFOLK    State: NEW YORK
STERZENBACH, ANNA VS LEAR CAPITAL INC

## AFFIDAVIT OF SERVICE

I certify that LEOPOLDO AVILA
being first duly sworn, deposes and says: That he is a regularly appointed, qualified deputy Sheriff of the said County of Los Angeles, in the State of California, and over the age of twenty-one years, not a party to the action or related to either party, nor an attorney for a party, nor in any way interested in the within named action, and authorized to serve civil process
SUMMONS AND VERIFIED COMPLAINT

On 09/05/19 at 11:39 AM and that he served the same on the defendant and/or respondent named below, on the date indicated, by delivering to and leaving with said defendant and/or respondent in the County of Los Angeles, State of California, personally, a true and correct copy thereof, with all notices and endorsements thereon, in the manner and the place and time shown below:

1. Name: LEAR CAPITAL INC.

2. Person served and title:
   TERA FEAD/ DIRECTOR OF SALES AUTHORIZED TO ACCEPT ON BEHALF OF
   LEAR CAPITAL INC.

3. Person with whom left and title or relationship to person served:

4. Date and time of delivery
   11:39 AM
   09/05/19

5. Mailing date, type of mail and place of mailing

6. Address, city and state:
   1990 BUNDY DRIVE #600
   LOS ANGELES, CA 90025

   (  ) Home    ( X ) Business

1 of 2